IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALBERTO VALDEZ-TRUJILLO,<br><br>Petitioner, | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255 |
| vs. | |
| UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Case No. 2:05-CV-71 TS<br><br>Criminal Case No. 1:03-CR-133 TS |

Petitioner Alberto Valdez-Trujillo brings a Motion Under 28 U.S.C. § 2255[1] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Petitioner is proceeding *pro se* in this matter. The Court finds that Petitioner's underlying arguments lack merit and do not establish appropriate grounds upon which to justify relief under § 2255 because neither *Blakely*

---

[1] Although Petitioner files his Motion on a form entitled, "Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241," Petitioner clearly seeks relief under 28 U.S.C. § 2255, and the Court construes the Motion accordingly.

1

nor *Booker* apply to cases on collateral appeal.  Therefore, the Court will deny Petitioner's § 2255 Motion and close this case.

On May 28, 2003, Petitioner was charged by Indictment with Reentry of a Previously Removed Alien.[2]  The government filed a Notice of Sentencing Enhancement the same day, noting Petitioner's previous conviction for Distribution of a Controlled Substance, to wit: cocaine.[3]  Petitioner pleaded guilty to the Indictment on January 12, 2004.  A presentence report was prepared, and Defendant was sentenced on March 22, 2004, to a low-end sentence of 30 months incarceration.  Judgment was entered on March 24, 2004.  Petitioner did not pursue a direct appeal.

## DISCUSSION

I.  Application of *Blakely/Booker*.

The bulk of Petitioner's arguments center on the recent Supreme Court cases of *Blakely v. Washington*[4] and *United States v. Booker*.[5]  Petitioner argues that the Court's findings resulting in an increase in Petitioner's sentencing guidelines offense level – based upon facts not expressly admitted by Petitioner or found by a jury beyond a reasonable doubt – were in violation of his Constitutional rights.  Specifically, Petitioner objects to the statutory maximum being increased from two years to 20 years by virtue of his conviction for a prior felony.  However, the Supreme

---

[2] Case No. 1:03-CR-133 TS.

[3] *Id.*

[4] 540 U.S. 965 (2004).

[5] 125 S.Ct. 738 (2005).

Court cases of *Almendarez-Torres*[6] and *Apprendi*[7] both directly contradict Petitioner's position. As such, the sentence imposed here did not exceed the statutory maximum, which was not two, but 20 years, as evidenced by the filing of the Notice of Sentencing Enhancement.

Further, the *Booker* line of cases is not applicable to cases on collateral appeal. However, even if the Court found that *Booker* applied to this collateral appeal, the Court would find that *Booker* is inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case, and the sentence imposed was reasonable.

The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."[8] The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct review."[9] The Tenth Circuit has specifically considered this issue and ruled squarely: "we hold that *Blakely does not apply retroactively* to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."[10] The Tenth Circuit has also held that "the rule announced in *Booker* is not

---

[6] *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (holding statutory subsection authorizing a sentence of up to 20 years for any alien who illegally returned to the United States after having been previously deported following conviction for aggravated felony was mere penalty provision, and did not serve to define a separate immigration-related offense).

[7] *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" and affirming its holding in *Almendarez-Torres*).

[8] *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

[9] 125 S.Ct. at 769, citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

[10] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added).

retroactive."[11]  Because Petitioner's conviction was clearly final by June 24, 2004, the Court finds that neither *Blakely* nor *Booker* applies retroactively to this case.

II.     Deportation Subsequent to Aggravated Felony.

Petitioner also argues that his "initial deportation was not subsequent to a conviction for an aggravated felony."[12]  In the presentence report prepared in this matter, Petitioner was assessed a 12-level enhancement based upon his prior conviction for Distribution of a Controlled Substance, to wit: cocaine.  The relevant consideration in applying this enhancement is not whether the "initial deportation" was subsequent to an aggravated felony conviction but, rather, whether he has ever been deported after a conviction for an aggravated felony.  Petitioner did not dispute at sentence, and does not dispute now, that he was deported following the drug distribution felony just noted.  Therefore, the presentence report was accurate and legally sound.  Further, contrary to Petitioner's assertion,[13] it is not necessary that this fact be charged by indictment as a separate offense.[14]

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion is DENIED.  It is further

---

[11] *United States v. Bellamy*, 1411 F.3d 1182, 1186-87 (10th Cir. 2005) ("like *Blakely*, *Booker* does not apply retroactively on collateral review.").

[12] Motion at 5.

[13] Motion at 5.

[14] *See Almendarez-Torres*, 523 U.S. at 235.

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED this 6th day of October, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge